# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MCTAGGART, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01421-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO REMOVAL OF CASE TO FEDERAL COURT<br><br>(ECF No. 3)<br><br>**Motion for Remand Due: January 6, 2023** |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 3, 2022, Defendants California Department of Corrections and Rehabilitation ("CDCR"), K. McTaggart, D. Laughlin, J. Filippello, N. Lamb, D. Tillery, J. Feltner, J. Walters, Z. Warren, J. Marquina, J. Pierce, D. Crozler, J. Sunderland, C. Jimenez, M. Besson, P. J. Covello, D. Webb, B. Holmes, S. Medina, K. Pinelli, and I. Salinovich (collectively, "Defendants") removed this action from Kings County Superior Court. (ECF No. 1.) Defendants further requested that the Court screen the complaint (which was the operative First Amended Complaint in the Kings County Superior Court action) under 28 U.S.C. § 1915A(a) and that Defendants be allowed forty-five days from the screening of the complaint to file a responsive pleading. (*Id.*)

///

1  On November 16, 2022, Plaintiff filed a motion for an extension of time to file an opposition to the removal of the case to federal court. (ECF No. 3.) The Court construes the request as a motion for an extension of time to file a motion to remand. Although Defendants have not had an opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff requests a thirty-day extension of time, up to and including December 15, 2022, to file an opposition to the removal of this case to the federal courts. (ECF No. 3.) Plaintiff states that he is a participant in the CDCR Mental Health Services Delivery System, being treated at the "Enhanced Outpatient Delivery System," which is reserved for inmates suffering at the most severe level of mental illness normally housed in CDCR. As a participant in the Enhanced Outpatient Program, Plaintiff is required to attend therapeutic groups each weekday, which limits how often he can attend the law library. Plaintiff states he is often denied yard access, and therefore access to the law library, because his therapeutic groups conflict with the rotating yard schedule. Plaintiff needs time to attend the law library and access the legal computer to research the applicable laws for removal of this action to federal court. (*Id.*)

Pursuant to 28 U.S.C. § 1447, following removal of a case from a state court, a motion to remand the case on the basis of any defect, other than lack of subject matter jurisdiction, must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). As Defendants filed the notice of removal on November 3, 2022, any motion for remand is currently due on or before December 6, 2022.[1]

Based on Plaintiff's lack of access to the law library at his institution, the Court finds good cause to grant the requested thirty-day extension of time. Fed. R. Civ. P. 6(b). The Court further finds that Defendants will not be prejudiced by the brief extension granted here, as the Court finds that in order to avoid potential conflicts with the holidays, an extension of this deadline until **January 6, 2023**, is appropriate under the circumstances.

///

---

[1] This deadline includes an additional three days for service by mail, pursuant to Federal Rule of Civil Procedure 6(d).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file a motion for remand, (ECF No. 3), is GRANTED;
2. Plaintiff's motion for remand, if any, is due on or before **January 6, 2023**;
3. Defendants' response to the motion for remand is due within **twenty-one (21) days** from the date the motion for remand is docketed;
4. Plaintiff's reply to Defendants' response to the motion for remand, if any, is due within **fourteen (14) days** from the date of service of Defendants' response; and
5. If Plaintiff does not file a motion for remand in compliance with the deadline set by this order, the Court will proceed with screening of the complaint in due course.

IT IS SO ORDERED.

Dated:   **November 18, 2022**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE