# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>Plaintiff,<br><br>v.<br><br>MCTAGGART, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-01421-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT<br><br>(ECF No. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from Kings County Superior Court on November 3, 2022. (ECF No. 1.)

On December 22, 2022, following an extension of time, Plaintiff filed a motion to remand this action to state court. (ECF No. 5.) The Court directed Defendants to file a response, (ECF No. 10), and Defendants filed their response on February 7, 2023, (ECF No. 11). Plaintiff did not file a reply brief, and the deadline to do so has expired. The motion is deemed submitted.[1] Local Rule 230(l).

---

[1] Defendants also filed a notice of suggestion of death of Defendant Tillery on April 4, 2023. (ECF No. 12.) In light of the Court's findings and recommendations regarding Plaintiff's motion to remand, the Court will not address the notice at this time.

1

## II. Plaintiff's Motion to Remand

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392. Further, a plaintiff's "repeated references" to federal law in his state law cause of action "does not mean that [federal law] creates the cause of action under which [plaintiff] sues." *Kripke v. Safeway, Inc.*, 2018 WL 3491903, at *6 (N.D. Cal. July 20, 2018) (alterations in original) (quoting *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c).

### B.     Parties' Positions

In his motion, Plaintiff argues that he litigated prior federal civil rights actions, one or more of which ultimately settled. Since those settlements, Plaintiff alleges that he experienced retaliation as a result of his litigation, and moved on multiple occasions for the United States District Court for the Eastern District of California to intervene and enforce the terms of the settlement agreement. The Court indicated that he might try filing an action in state court. (ECF No. 5, pp. 3–5.) Plaintiff states that he has therefore intentionally gone through the complaint and alleged violation of only state laws, and that "even casual review" of the complaint reveals that he has gone to enormous trouble to erase any federal laws and to cite only state-law-based claims. Further, even were violations of some federal law could be implied, "an impartial and studied review of the Complaint establishes, beyond reasonable dispute, that this Complaint is based only on the alleged violation of laws of the State of California." (*Id.* at 7.) Plaintiff therefore requests that the Court remand the instant action to Kings County Superior Court, due to a lack of subject matter jurisdiction. Alternatively, Plaintiff requests that the Court appoint professional counsel to bring this action in the Eastern District of California, due to his serious mental illness.

In response, Defendants argue that in "multiple parts of the complaint, Plaintiff alleges, albeit in a conclusory manner, causes of actions under the 'First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution,' (ECF No. 1, pp. 35:20–27; 39:2–7, 53:5–15; 55:10–14, 56: 14–15, 68: 13–16)." (ECF No. 11, p. 2.) Defendants contend that a finding that the complaint intends to bring only causes of action under California state law would require that defense counsel and the Court ignore some of Plaintiff's allegations entirely, and deduce from the complaint what claims Plaintiff intends to bring. As this approach is unsupported by any legal authority and contrary to the notice pleading requirement, the Court should find that the Eastern District of California has original jurisdiction over this matter. Defendants argue in the alternative that in light of Plaintiff's representation that he only intends to bring claims under California state law, it appears that Plaintiff abandons his federal claims. Defendants therefore request that the Court dismiss Plaintiff's federal claims and remand on the remaining state-law

3

1 claims only.

2     **C.    Discussion**

3     Although Plaintiff did not file a reply brief specifically agreeing to Defendants'
4 suggestion that Plaintiff abandoned all federal claims, the Court finds that Plaintiff made his
5 position explicit in the motion to remand.  Plaintiff states that he "intentionally" went through the
6 complaint to allege violations of only state laws, (ECF No. 5, p. 6), and went to "enormous
7 trouble" to erase any federal claims and cite only state law claims, (*id.*).  Plaintiff goes on to say
8 that even where a federal claim could be implied, his complaint is based only on the alleged
9 violation of laws of the State of California.  (*Id.* at 7.)

10     On the other hand, Defendants have conducted an "impartial and studied review" of the
11 lengthy complaint, per Plaintiff's suggestion, and found multiple references to violations of
12 federal law and requests for monetary damages in relation to those violations.  (*See* ECF No. 11,
13 pp. 2–3.)  The Court has also conducted such a review, and found other instances where it appears
14 Plaintiff attempted to replace previous references to federal laws with references to state laws,
15 (*see, e.g.*, ECF No. 1, pp. 31:26–28, 32:2, 32:18, 33:28–34:1, 34:22, 35:14–15, 37:4, 51:25–26,
16 56:25–26, 57:22–23, 58:14, 59:9–10, 66:1–2, 66:9–10, 66:23, 67:18–19, 68:1, 69:20–21), albeit
17 sometimes leaving in references to federal laws (*see, e.g.*, *id.* at 29:10–11, 35:4, 35:25–26, 53:6–
18 8, 53:16–18, 55:13–14, 55:25, 56:3, 56:14–15, 56:17–18, 63:23–27, 65:24–25, 68:15–16).

19     Having reviewed the filing, the Court finds plausible Plaintiff's assertion that he attempted
20 to file a suit which raised only state law claims, but in revising the nearly 100 pages of the
21 complaint to remove any citations to federal laws, some were inadvertently missed.  Combined
22 with Plaintiff's unambiguous assertion that he did not intend to bring any federal claims, and
23 having filed no objection to Defendants' suggestion that Plaintiff has therefore abandoned any
24 federal claims, the Court finds that Plaintiff's complaint raises only state law claims.  Therefore,
25 any extraneous references to federal law or the United States Constitution are considered to be
26 clerical errors, or for the purpose of description rather than an attempt to raise a federal question
27 of law.  To the extent the complaint as drafted alleges federal claims under the "First, Fourth,
28 Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution," or the allegations

raised in the complaint may be argued to support any other federal claims, the Court recommends that they be dismissed, with prejudice, as abandoned. Any remaining state law claims should be remanded.

**III.     Request for Appointment of Counsel**

With respect to Plaintiff's request for alternative relief in the form of appointment of counsel to assist in drafting a complaint that raises federal claims, this request is denied, without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and suffering from serious mental health conditions almost daily. These prisoners also must draft complaints and prosecute claims without the assistance of counsel.

Furthermore, the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Finally, in light of the Court's recommendation that Plaintiff's motion to remand be

granted, appointment of counsel for the purpose of pursuing a federal action is unnecessary.

**IV.     Conclusion and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to remand, (ECF No. 5), be GRANTED;
2. To the extent the complaint as drafted alleges federal claims under the First, Fourth, Fifth, Sixth, Eighth, or Fourteenth Amendments to the U.S. Constitution, or the allegations raised in the complaint may be argued to support any other federal claims, those claims be DISMISSED, with prejudice, as abandoned;
3. The remainder of this action, to include only Plaintiff's state law claims, be REMANDED to the Superior Court of California, Kings County, Case No. 20C-0376; and
4. All pending motions be terminated and this action closed.

\* \* \*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 7, 2023**                                   /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE

6