# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCTAGGART, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01421-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE AND STRIKING LODGED SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 18, 19)<br><br>ORDER DIRECTING PLAINTIFF TO FILE CLARIFICATION OF INTENT WITHIN **THIRTY (30) DAYS** |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   Procedural Background**

This action was removed from Kings County Superior Court on November 3, 2022. (ECF No. 1.) Plaintiff filed a motion to remand this action to state court, arguing that he intentionally went through the complaint to allege violations of only state laws. (ECF No. 5.) Defendants filed a response arguing that while the complaint contains multiple citations and references to federal laws, in light of Plaintiff's representation they requested that the Court dismiss Plaintiff's federal claims and remand on the remaining state law claims only. (ECF No. 11.) Plaintiff did not file a reply.

On April 7, 2023, the Court issued findings and recommendations recommending that:

1  (1) Plaintiff's motion to remand this action to state court be granted; (2) to the extent the complaint as drafted alleges federal claims under the First, Fourth, Fifth, Sixth, Eighth, or Fourteenth Amendments to the U.S. Constitution, or the allegations raised in the complaint may be argued to support any other federal claims, those claims be dismissed, with prejudice, as abandoned; (3) the remainder of this action, to include only Plaintiff's state law claims, be remanded to the Superior Court of California, Kings County, Case No. 20C-0376; and (4) all pending motions be terminated and this action closed.  (ECF No. 14.)  Defendants did not file objections.  Following an extension of time, Plaintiff's objections were due on or before June 26, 2023.  (ECF No. 17.)

On June 15, 2023, in lieu of objections, Plaintiff filed a motion for leave to file a second amended complaint and a lodged second amended complaint.  (ECF Nos. 18, 19.)  Plaintiff states that while he initially objected to removal of the case to federal court, believing it to be a ploy by CDCR and the Office of the Attorney General to quash the case on any ground but the merits, Plaintiff has now reconsidered his position and has elected to submit a streamlined amended complaint.  Plaintiff argues that the amended complaint is his sincere effort to present a more legible, contracted, and less confusing complaint, as well as exhibits supporting his claims.  Plaintiff requests that the Court accept his amended complaint as the active complaint and endorses Defendants' prior request that the Court screen the complaint.  (ECF No. 18.)

Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

**II.    Discussion**

In spite of Plaintiff's assertion that he has reconsidered his position, the Court finds that further clarification of the record is necessary in light of the current posture of this action. Plaintiff's motion to remand and the Court's findings and recommendations remain pending, and Plaintiff has not clearly indicated an intent to withdraw that motion.  The Court will provide Plaintiff an opportunity to clarify his intention.  Accordingly, in response to this order, Plaintiff shall file **one** of the following responses: (1) a notice of withdrawal of Plaintiff's motion to remand, together with a renewed motion to amend and a proposed amended complaint in

2

compliance with the guidance provided below; **or** (2) a notice that he does not wish to proceed on any federal claims in this action and a statement of non-objection to the pending findings and recommendations. If Plaintiff chooses to renew his motion to amend, Defendants will be permitted an opportunity to file a response.

If Plaintiff chooses to withdraw his motion to remand, he must file a proposed amended complaint that is **no more than twenty-five (25) pages in length**, excluding exhibits. Although Plaintiff claims that he has streamlined his allegations, the proposed complaint is 44 pages long, with an additional 30 pages of exhibits. (ECF No. 19.) While this is shorter than the 99-page complaint removed from state court, the complaint remains far too long and appears to span allegations from multiple CDCR institutions from 2007 to the present.

In addition, after a preliminary review of the proposed amended complaint, the Court provides the following legal standards to assist Plaintiff if he chooses to file a further proposed amended complaint in response to this order.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

### B.  Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

3


*Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

### C. Statute of Limitations

Plaintiff's complaint appears to allege time-barred claims. Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. *Douglas*, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and

4

1  (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916

2  (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319

3  (1978) (citations omitted).

**III.   Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend, (ECF No. 18), is DENIED without prejudice;
2. The lodged second amended complaint, (ECF No. 19), is STRICKEN from the record;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a clarification of his intent by filing **one** of the following:
   a. a notice of withdrawal of Plaintiff's motion to remand, together with a renewed motion to amend and a proposed amended complaint that is **no more than twenty-five (25) pages in length**, excluding exhibits; **or**
   b. a notice that he does not wish to proceed on any federal claims in this action and a statement of non-objection to the pending findings and recommendations;
4. If Plaintiff chooses to file a renewed motion to amend, Defendants shall file any opposition or other response within **twenty-one (21) days** from the date the motion is docketed; and
5. **If Plaintiff fails to file a response in compliance with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.**

IT IS SO ORDERED.

Dated:   **June 28, 2023**           /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

5