# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCTAGGART, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01421-ADA-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH DUE TO SERVICE DEFICIENCY<br><br>(ECF No. 12) |

  Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from Kings County Superior Court on November 3, 2022. (ECF No. 1.) The second amended complaint has not yet been screened.

  On April 4, 2023, Defendants filed a notice of suggestion of death of Defendant Tillery. (ECF No. 12.) The notice indicates that Defendant Tillery passed away on November 20, 2022, and next of kin is Michael Tillery. The notice includes a certificate of service indicating that it was served on both Plaintiff and Michael Tillery by First-Class Mail or a third party commercial carrier on April 4, 2023. (*Id.* at 3.)

  Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Tillery from this action if a motion for substitution is not made within ninety days after service of a statement noting Tillery's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for

1   the running of the ninety-day period to commence: a party must 1) formally suggest the death of
2   the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty
3   successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.
4   1994).  In order for the ninety-day period for substitution to be triggered, a party must formally
5   suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other
6   parties and nonparty successors or representatives of the deceased with a suggestion of death in
7   the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3).
8   Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed.
9   R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be
10  served the suggestion of death in the manner provided by Rule 4 for the service of a summons.
11  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.  Rule 25 requires dismissal absent a motion
12  for substitution within the ninety-day period only if the statement of death was properly served.
13  *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).
14       Although Defendants attempted to file a notice of suggestion of death pursuant to Rule
15  25(a)(1), there is no indication that the notice was served on Defendant Tillery's nonparty
16  successor(s) or representative(s) as required by Federal Rule of Civil Procedure 4.  Because this
17  district is located in California and service was attempted in California, service is valid under
18  Rule 4(e)(1) only if it complies with California law governing the service of a summons.
19  Although California law does permit service of a summons by mail, such service is valid only if a
20  signed acknowledgment is returned and other requirements are met, Cal. Civ. Proc. Code
21  § 415.30; *Tandy Corp. v. Super. Ct.*, 117 Cal. App. 3d 911, 913 (1981) (service by certified mail
22  does not constitute constructive service where acknowledgement not executed and returned
23  pursuant to Cal. Civ. Proc. Code § 415.30), or a copy is also left at the person's office or
24  dwelling.  Cal. Civ. Proc. Code § 415.20.  *Barlow*, 39 F.3d at 234.  As that did not occur here,
25  service of the suggestion of death was not made in compliance with the laws of the state where
26  service is made.  Fed. R. Civ. P. 4(e)(1).
27       Therefore, as there is no declaration of service or other proof reflecting that there was
28  proper service of the notice on Defendant Tillery's successor or representative as provided by

Rule 4, the ninety-day period has not been triggered.

Based on the foregoing, the parties are HEREBY NOTIFIED that the ninety-day period for substitution of Defendant Tillery pursuant to Rule 25(a)(1) has not been triggered by Defendants' notice of suggestion of death, (ECF No. 12).

IT IS SO ORDERED.

Dated:   **August 21, 2023**                    /s/ *Barbara A. McAuliffe*              _
                                                               UNITED STATES MAGISTRATE JUDGE

3