# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCTAGGART, *et al.*,<br><br>　　　　Defendants. | Case No.  1:22-cv-01421-KES-BAM (PC)<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL<br><br>(ECF Nos. 45, 46) |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was removed from Kings County Superior Court on November 3, 2022.  (ECF No. 1.)  The second amended complaint has not yet been screened.

Currently before the Court are Plaintiff's motions for appointment of counsel, filed January 27, 2025.  (ECF Nos. 45, 46.)  Plaintiff states that he is unable to afford counsel, the issues in this case are sufficiently complex within the context of Plaintiff's mental and cognizable ability that Plaintiff would be prejudiced in an effort to bring actually colorable claims, Plaintiff is clinically diagnosed as suffering from a "serious paranoid delusional personality disorder that causes significant disruption to his daily activities in life and which prevents him from functioning in general population without disturbing or endangering others or himself," and Plaintiff has a greater likelihood of succeeding than not succeeding on the merits of his claims in

1

1  this action. (ECF No. 45.) Plaintiff argues that CDCR's own psychologist declared that Plaintiff
2  suffers from a serious and major mental illness that causes him to experience delusions, he cannot
3  reasonably be expected to conduct investigations, prepare coherent writings with consistency or
4  otherwise adequately prosecute a proceeding in this Court. Plaintiff therefore requests that the
5  Court refer the case to the pro bono attorneys program to see whether an attorney would accept
6  the matter. (ECF No. 46.)

7  Defendants have not yet had the opportunity to respond to Plaintiff's motion, but the
8  Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

9  Plaintiff is informed that he does not have a constitutional right to appointed counsel in
10 this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
11 *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
12 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist.*
13 *of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may
14 request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at
15 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases. In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

21 The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved,
23 would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed
24 almost daily by prisoners suffering from serious mental health conditions who must also conduct
25 legal research, obtain discovery, and litigate their cases without the assistance of counsel.

26 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
27 Plaintiff is likely to succeed on the merits. The Court has not yet screened the second amended
28 complaint to determine if Plaintiff has stated any cognizable claims upon which this action may

proceed, and based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motions to appoint counsel, (ECF Nos. 45, 46), are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 6, 2025**        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE