1

2

3

4

5

6

7

8           # UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   BARRY LOUIS LAMON, | Case No.  1:22-cv-01421-KES-BAM (PC) |
| 12              Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER |
| 13        v. | DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL |
| 14   MCTAGGART, *et al.*, | (ECF No. 48) |
| 15              Defendants. | |

16

17        Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  This action was removed from Kings County

19   Superior Court on November 3, 2022.  (ECF No. 1.)  Plaintiff's second amended complaint has

20   not yet been screened.

21        On January 27, 2025, Plaintiff filed two motions for appointment of counsel, arguing in

22   part that this matter should be referred to the Court's pro bono attorneys program due to

23   Plaintiff's clinical diagnosis of a "serious paranoid delusional personality disorder that causes

24   significant disruption to his daily activities in life and which prevents him from functioning in

25   general population without disturbing or endangering others or himself."  (ECF Nos. 45, 46.)

26   Plaintiff further argued that CDCR's own psychologist declared that Plaintiff suffers from a

27   serious and major mental illness that causes him to experience delusions, and therefore he cannot

28   reasonably be expected to conduct investigations, prepare coherent writings with consistency or

1

1   otherwise adequately prosecute a proceeding in this Court.  (ECF No. 46.)

2        On February 6, 2025, the Court denied the motions, without prejudice, finding that

3   Plaintiff had not presented the required exceptional circumstances to warrant appointment of

4   counsel, and that based on a review of the brief record in this case, further finding that Plaintiff

5   can adequately articulate his claims.  (ECF No. 47.)

6   **I.      Plaintiff's Motion for Reconsideration and for Competency Hearing**

7        Currently before the Court is Plaintiff's motion for reconsideration of the Court's order

8   denying his motions to appoint counsel, filed February 24, 2025.  (ECF No. 48.)  Plaintiff

9   requests that the Court revisit his motion to appoint counsel and compare his case with *Allen v.*

10  *Calderon*, 408 F.3d, 1150 (9th Cir. 2005).  Plaintiff argues that in *Allen*, the Ninth Circuit found

11  that a pro se plaintiff suffering specifically from a schizoid delusional disorder should be

12  appointed counsel, even if only for the purpose of conducting a hearing to determine whether the

13  plaintiff's mental illness requires that the Court appoint a guardian ad litem.  Plaintiff further

14  argues that Federal Rule of Civil Procedure 17(c) requires that the Court conduct a competency

15  hearing to determine whether an unrepresented plaintiff requires that that the Court appoint

16  counsel to protect all aspects of a mentally ill litigant's interests.  Plaintiff states that while it is

17  true many mentally ill plaintiffs prosecute their cases successfully without counsel, Plaintiff's

18  case is distinguishable from such cases because Plaintiff is not arguing that he's simply "seriously

19  mentally ill," but that he suffers from a "delusional schitzoaffective [sic] disorder," causing him

20  to see and hear things that are not, in reality, actually occurring, and the more stressed Plaintiff

21  becomes, the more prevalent and profound are his delusions.  Plaintiff alleges that, being aware of

22  Plaintiff's major delusional disorder, CDCR personnel harasses Plaintiff's ability to meaningfully

23  litigate their abrogations of his rights by deliberately amplifying their broad and well-organized

24  acts of retaliation, thus discombobulating Plaintiff's capacity to seek relief from this Court.  (*Id.*)

25  **II.     Legal Standards**

26       **A.      Motion for Reconsideration**

27       "A motion for reconsideration should not be granted, absent highly unusual

28  circumstances, unless the district court is presented with newly discovered evidence, committed

1    clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

2    *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks

3    and citations omitted).  "A party seeking reconsideration must show more than a disagreement

4    with the Court's decision, and recapitulation . . ." of that which was already considered by the

5    Court in rendering its decision.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111,

6    1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing

7    nature to induce the court to reverse its prior decision.  *See Kern–Tulare Water Dist. v. City of*

8    *Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other

9    grounds, 828 F.2d 514 (9th Cir. 1987).  Additionally, pursuant to this Court's Local Rules, when

10   filing a motion for reconsideration, a party must show what "new or different facts or

11   circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

12   or what other grounds exist for the motion."  Local Rule 230(j).

13           **B.       Appointment of Guardian Ad Litem**

14           Federal Rule of Civil Procedure 17(c)(1) permits a general guardian, a committee, a

15   conservator, or "a like fiduciary" to sue or defend on behalf of a minor or an incompetent person.

16   Fed. R. Civ. P. 17(c)(1). Otherwise, a minor or incompetent "who does not have a duly appointed

17   representative" may sue by a guardian ad litem. Fed. R. Civ. P. 17(c)(2). "The court must appoint

18   a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent

19   person who is unrepresented in an action." *Id.* Local Rule 202(a) of this Court further states, in

20   pertinent part:

21           Upon commencement of an action or upon initial appearance in defense of an action
22           by or on behalf of a minor or incompetent person, the attorney representing the
             minor or incompetent person shall present (1) appropriate evidence of the
23           appointment of a representative for the minor or incompetent person under state law
             or (2) a motion for appointment of a guardian <u>ad litem</u> by the Court, or (3) a showing
24           satisfactory to the Court that no such appointment is necessary to ensure adequate
             representation of the minor or incompetent person.
25

26   *See* L.R. 202(a).

27           The decision to appoint a guardian ad litem "must normally be left to the sound discretion

28   of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986).

"Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *Id.* "The obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue is raised." *Jurgens v. Dubendorf*, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015) (citing *Forte v. Cty. of Merced*, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013)). The appointment of the guardian ad litem is more than a mere formality. *30.64 Acres of Land*, 795 F.2d at 804. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *Id.* However, a guardian ad litem's power is not unchecked and he or she acts under the Court's supervision and is a guardian of the court. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015). A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* at 1054. This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise . . . or previous relationship with the ward." *Id.* (citations omitted).

To determine whether an individual is considered a minor or incompetent person for purposes of appointment of a guardian ad litem, Rule 17(c) is read in conjunction with Rule 17(b). *See* Fed. R. Civ. P. 17. Under Rule 17(b), a person's capacity to sue is measured by the standard of the law of his domicile. Fed. R. Civ. P. (b)(1). Pursuant to California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372. In determining whether an individual is incompetent, the Court may consider sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating physicians, and medical records. *See Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005); *Raymond v. City of Bakersfield,* 2019 WL 6114962, at *2 (E.D. Cal. Nov. 18, 2019). Such evidence should address whether the person

4

1 in question is able to meaningfully take part in the proceedings. *Jergens,* 2015 WL 6163464, at

2 *3; *Raymond,* 2019 WL 6114962, at *2.

3       Although state law determines whether an individual is incompetent under Rule 17(c),

4 federal law governs questions of appropriate procedure. *Jurgens,* 2015 WL 6163464, at *3

5 (citations omitted). Rule 17(c) empowers a court to appoint a guardian ad litem or take "whatever

6 measures it deems proper to protect an incompetent person during litigation." *30.64 Acres of*

7 *Land*, 795 F.2d at 805; Fed. R. Civ. P. 17(c)(2). However, if the Court finds a person is

8 incompetent and appoints a guardian ad litem, the appointment "deprives the litigant of the right

9 to control the litigation. *AT&T Mobility, LLC,* 143 F. Supp. 3d at 1051 (citation omitted). Thus,

10 "[i]n most cases, a guardian will not be appointed for an adult unless the person gives consent or

11 upon notice and a hearing." *Raymond,* 2019 WL 6114962, at *2 (quoting *Jurgens,* 2015 WL

12 6163464, at *3).

13 **III.    Analysis**

14       Plaintiff's motion fails to raise new or different facts or circumstances that did not exist at

15 the time he filed his prior motions. While Plaintiff requests for the first time that the Court

16 consider *Allen v. Calderon*, *Allen* is not new law, and it is distinguishable from the instant action.

17 In *Allen*, a prisoner proceeding pro se filed a federal habeas corpus petition that was unsigned.

18 After several orders directing Allen to submit an amendment including his original signature, and

19 several responses from Allen that did not comply and explaining that Allen was mentally

20 impaired and did not know how to respond to the court's orders, the action was ultimately

21 dismissed for failure to prosecute. On appeal, the Ninth Circuit held that the district court's

22 dismissal of the habeas petition for failure to prosecute, without first conducting a competency

23 hearing, was an abuse of discretion in light of evidence of the litigant's incompetency. *Allen*, 408

24 F.3d at 1152. The Ninth Circuit further held that "[a] party proceeding pro se in a civil lawsuit is

25 entitled to a competency determination when substantial evidence of incompetence is presented."

26 *Id.* at 1153.

27      *Allen* does it provide a basis for overturning the Court's prior order. Allen challenged a

28 final order dismissing his habeas petition for failure to prosecute, where he had also introduced

1   "sufficient evidence of incompetence" that required the district court to at least make a

2   competency determination.  *Id.* at 1153.  Here, Plaintiff raises the issue of competency in relation

3   to a request for appointment of counsel, which was denied without prejudice, which is not a final

4   dispositive order.

5          With respect to Plaintiff's request for a competency hearing to determine whether a

6   guardian ad litem should be appointed, Plaintiff relies solely on his own assertions of his

7   incompetency and has not provided any additional evidence of his incompetence or inability to

8   proceed in this action without legal representation or a guardian ad litem.  Plaintiff asserts that he

9   has been diagnosed with delusional schizoaffective disorder that causes him to see and hear

10  things that are not actually occurring, but there is no evidence in the instant motion or elsewhere

11  in the record that Plaintiff's visual or auditory hallucinations have in any way affected his ability

12  to proceed without representation in this action, which was originally filed in state court on

13  December 17, 2020.  (*See* ECF No. 1, p. 2.)  Since this action was removed to federal court on

14  November 3, 2022, Plaintiff has demonstrated his ability to adequately articulate his intentions,

15  make well-reasoned and well-researched legal arguments, and timely file responses to the Court's

16  orders.  (*See* docket, generally.)  Plaintiff has successfully amended the complaint and substituted

17  and served a defendant when a notice of suggestion of death was filed for the originally-named

18  defendant.  Based on the record in this action, there is not sufficient evidence of Plaintiff's

19  incompetence such that the Court finds that a hearing on Plaintiff's competency would be

20  required at this time.

21         To the extent Plaintiff argues that a competency hearing is required to protect his interests

22  as a mentally ill litigant, the Court finds that other remedies are available to protect Plaintiff's

23  interests during the pendency of this action.  For example, Plaintiff has sought and received

24  multiple extensions of deadlines to accommodate for his mental health treatment, transfers

25  between institutions, and lack of access to the law library.  (*See, e.g.*, ECF Nos. 4, 17, 23.)

26  Furthermore, Plaintiff is not precluded from presenting further evidence for the Court's

27  consideration regarding his ability or inability to meaningfully prosecute this matter.

28  ///

1    **IV.    Order**

2        Accordingly, it is HEREBY ORDERED as follows:

3    1.  Plaintiff's renewed motion for reconsideration of the Court's order denying Plaintiff's

4        motions to appoint counsel, (ECF No. 48), is DENIED;

5    2.  Plaintiff's motion for appointment of guardian ad litem, (ECF No. 48), is DENIED,

6        without prejudice; and

7    3.  Plaintiff's second amended complaint will be screened in due course.

8
    IT IS SO ORDERED.
9

10   Dated:    **May 28, 2025**                    /s/ *Barbara A. McAuliffe*

11                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28